UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REINALDO JOSE LADERA CASTER,

Petitioner,

v.

MICHAEL BRECKON et al.,

Respondents.

Case No. 1:26-cv-2980

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

## I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a new bond hearing with a Spanish interpreter, at which alternatives to detention are considered. (Pet., ECF No. 1, PageID.8.) In an order entered on October 21, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 6.) Respondents filed their

response and a recording of the October 7, 2026, bond hearing on October 26, 2026. (Resp., ECF No. 7; Recording of Oct. 7, 2026, Bond Hearing, filed on Oct. 26, 2026.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Venezuela who entered the United States in 2022. Op., *Ladera Caster v. Breckon et al. (Ladera Caster I)*, No. 1:26-cv-2554 (W.D. Mich. Oct. 2, 2026) (ECF No. 11). On November 4, 2025, agents with the Department of Homeland Security arrested Petitioner. *Id.*

On September 11, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Ladera Caster I*. In *Ladera Caster I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Ladera Caster I*, 2554 (W.D. Mich. Oct. 2, 2026) (ECF Nos. 11, 12).

On October 7, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Immigration Judge Order, *Ladera Caster I*, 2554 (W.D. Mich. Oct. 9, 2026) (ECF No. 13-1). At the beginning of that hearing, the Immigration Judge confirmed that this Court's order in *Ladera Caster I* did not explicitly direct the Immigration Court to place the burden of proof on the Government; therefore, the Immigration Judge emphasized the lack of evidence from Petitioner. (Recording of Oct. 7, 2026, at 0:55–1:10, Bond Hearing, filed on Oct. 26, 2026.) At the conclusion of the October 7, 2026, hearing, the Immigration Judge denied Petitioner's request for bond, stating: "Flight risk." *Id.*

**III. Analysis**

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: October 29, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge